**James Edward POAG, Plaintiff,**

v.

**HUMANE SOCIETY OF LAWTON and Mr. Kenny Stradley, Sheriff, and Comanche County, Defendants.**

**No. Civ–95–1371–A.**

United States District Court, W.D. Oklahoma.

Dec. 14, 1995.

Carlyle R. Hatfield, Oklahoma City, OK, for James Edward Poag.

Jerry C. Cude, District Attorney's Office, Lawton, OK, for Kenny Stradley, Sheriff, Comanche County, State of Oklahoma.

## ORDER

ALLEY, District Judge.

This matter comes before the Court following the response of plaintiff's counsel to the Court's Show Cause orders, and on the Motion for Sanctions filed by the defendant, the Humane Society of Lawton, pursuant to Fed. R.Civ.P. 11. The Court has considered the parties' submissions and finds as follows.

On November 2, 1995, the Court entered an Order granting the Humane Society's motion to dismiss. The Court found that plaintiff's claims were barred by the applicable statutes of limitation. Plaintiff had filed suit seeking damages for defendant's alleged trespass and confiscation of his cats. In the Order, the Court noted that plaintiff's prayer for relief included a demand that defendant return the cats. The Court also noted that the District Court of Comanche County had dismissed plaintiff's replevin action, finding that he lacked evidence to establish ownership of the cats. Citing to Fed.R.Civ.P. 11, the Court ordered plaintiff to show cause why he should not be sanctioned for seeking relief that a court had previously determined was inappropriate.

On November 9, 1995, plaintiff's counsel filed a Motion for Additional Time to Answer Special Appearance by defendant. In the application, plaintiff's counsel argued that Mr. Poag's request for the return of his cats was not governed by the doctrine of *res judicata*, and he presented an argument that appeared to be based on the constitutional concept of double jeopardy. The Court ordered counsel to show cause why he should not be sanctioned for failing to make a reasonable inquiry into whether plaintiff would be estopped from reasserting his claim for replevin. Counsel currently attempts to avoid sanction by arguing that his previous filing was an argument for "a modification of exiting law regarding *res judicata*." Brief at 2. The Court is utterly unpersuaded by these arguments.

■ In his brief, plaintiff's counsel Carlisle Hatfield diligently sets forth the origins of the doctrine of *res judicata*, tracing its roots to Roman law. Counsel, however, argues that the Court should ignore the doctrine and its goal of judicial efficiency, and instead suggests that justice is better served by allowing Mr. Poag to seek the return of his cats. Pursuant to Fed.R.Civ.P. 11(b), counsel may present nonfrivolous arguments for the extension or modification of existing law. In this instance, counsel's argument that "justice is more important than efficiency, especially in a case such as this, where the plaintiff is a single male who has dedicated his home life to the care of cats" is frivolous. The argument presented by plaintiff for the return of the cats is one that would have been best utilized on direct appeal of the District Court of Comanche County's ruling. Mr. Poag, however, did not appeal that decision, and counsel presents no authority for ignoring the doctrine of *res judicata*, which he notes is a deep-rooted and necessary part of civil procedure.

■ Plaintiff also argues that the judgment entered in defendant's favor upon its demurrer cannot operate as *res judicata* in this action. However, as noted by the court in *Allen v. Garnett*, 100 F.2d 555 (10th Cir. 1938):

A judgment sustaining a demurrer and dismissing the action does not preclude a subsequent suit upon the same cause of action where the demurrer raised only formal or technical defects of pleadings, or a lack of jurisdiction, or a misjoinder of parties, or some other cognate imperfection. But the demurrer filed in the state court was not confined to questions of that kind. It went to the very right to recover upon the cause of action stated. It is well settled that a judgment sustaining a demurrer which goes to the merits of the cause is equally as binding and conclusive in a subsequent suit as one rendered upon proof.

*Id.* at 556. The same holds true in this action. As stated by plaintiff, defendant's demurrer came after the close of plaintiff's case. The Judgment entered by the District Court of Comanche County states that "dismissal on defendant's demurrer, no evidence

exists to establish ownership of these animals." Although plaintiff contends that this finding is incorrect, the Court is not in the position to reevaluate the facts presented in state court. The judgment of the District Court of Comanche County was on the merits, and plaintiff is bound by that determination.

■ Additionally, in a September 25, 1995 letter requesting that the claims be dismissed, defense counsel indicated that it would seek sanctions if plaintiff did not dismiss the claims. Plaintiff opted to proceed on his claims against the defendants, which were subsequently dismissed by the Court upon the merits and confession of the motion. Defendant filed its motion for Rule 11 sanctions, which the Court finds to be meritorious.

Pursuant to Fed.R.Civ.P. 11(b),

By presenting to the court ... a pleading ... an attorney .. is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,— ... the claims ... are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or establishment of new law.

After defendant filed its motion to dismiss, citing the statutes of limitation, plaintiff failed to present any argument for tolling the time periods. Mr. Hatfield filed the claims on behalf of Mr. Poag, apparently without consulting the statute of limitations to ensure that the claims were timely. When presented with the opportunity to withdraw his claims or to respond to the argument, counsel chose to ignore the untimeliness of his claims. He presents no justification for his failure to consider the applicable law and the relevant facts, and the Court finds that sanctions are appropriate.

Counsel also argues that plaintiff's criminal prosecution for cruelty to animals resulted in a legal disability under Okla.Stat. tit. 12 § 96, so as to toll the applicable statute of limitations. Counsel also references, without explaining its significance, Okla.Stat. tit. 12 § 95(5), a statute inapplicable to the Humane Society, that establishes the statute of limitations on claims for arrest by sheriff. These arguments might have aided plaintiff in answering defendant's motion to dismiss, however, plaintiff did not object to defendant's motion and the claims against the Humane Society of Lawton have been dismissed. Counsel cannot attempt to alter his client's plight by raising these arguments in an untimely manner.

Counsel's present filing is indicative of the circumstances that led to Court to issue the show cause orders. Counsel has repeatedly failed to diligently pursue his client's interests, but has been diligent in attempting to circumvent the procedures utilized in this Court. Upon notice from defendant that the claims were barred by the statute of limitations, counsel should have withdrawn the Complaint, or responded to the motion to dismiss within the requisite time. Instead, counsel filed an amended complaint, in an attempt to avoid addressing the merits of defendant's motion.

Since that time, counsel has steadfastly refused to directly address the issues, opting to react in a piecemeal manner to defendant's arguments and the Court's sua sponte concerns. Now, counsel requests that the Court ignore one of the most fundamental concepts in federal civil procedure, without providing any legal authority for such action.

In light of counsels' above delineated deviations from the standards enunciated in Fed. R.Civ.P. 11, the Court hereby issues this reprimand:

Mr. Hatfield's lack of diligence in meeting his deadlines and filing obligations is utterly inexcusable. Since the initiation of these proceedings, defendants have filed few motions. Mr. Hatfield sought an extension of time in which to file responses to all but one of these motions. The Court notes from its other cases with Mr. Hatfield that requests for extensions are apparently the rule, rather than the exception.

Beyond that, with respect to Rule 11 itself, the Court queries whether counsel ever consulted a legal text or journal in the course of these proceedings. How feeble after the fact to argue that plaintiff's brief was but an argument for modification of

existing law, as if somehow the doctrine of *res judicata* should disappear in a puff of smoke. Counsel might as well be arguing that the Court repeal the Rule in Shelley's Case, or for that matter, the law of gravity. The Court shall not soon forget counsel's omissions and lack of insight, and the Court anticipates that counsel will take this reprimand to heart when preparing future cases, and will not again submit a brief of claptrap.

Pursuant to Fed.R.Civ.P. 11(c)(2), the Court hereby orders Mr. Hatfield to pay defendant's attorney's fees of $437.50, which represents the fees for defending and dismissing this action. This payment shall be tendered not later than January 15, 1996. The Court sincerely hopes that this will deter plaintiff's counsel from pursuing frivolous actions, and that counsel will hereafter utilize his available resources to respond to motions and orders of the Court.

It is so ordered.