Joseph F. CUNNINGHAM, et al.,
Appellants and Cross–
Appellees,

v.

Stephen R. BATHON, Appellee
and Cross–Appellant.

Nos. 95–CV–1784, 96–CV–4

District of Columbia Court of Appeals.

Argued April 2, 1998.
Decided Nov. 5, 1998.

Joseph F. Cunningham, pro se, with whom Donald T. Cheatham, pro se, was on the brief.

Steven M. Pavsner, Greenbelt, MD, for appellee and cross-appellant.

Before FARRELL and RUIZ, Associate Judges, and BELSON, Senior Judge.

RUIZ, Associate Judge:

This is an appeal from Rule 11 sanctions. The case began when Joseph F. Cunningham, an attorney and investor, sued Stephen R. Bathon, a stockbroker, in June 1991 for negligent misrepresentation, violation of D.C.Code § 2–2613 (1994) (regulating sales of securities), breach of contract, breach of fiduciary duty, and fraud. These claims arose from Bathon's December 1985 sale to Cunningham of an interest in an ill-fated investment in International Dynergy, Inc. (Dynergy), and Bathon's proposal in December 1987—which Cunningham signed in agreement—for a third investor, Larry Rochester, to pay off Dynergy's debt to Cunningham in exchange for a release from any personal liability for Bathon and a middleman, Owen Neil Cummins. In 1989, Rochester defaulted on his payments to Cunningham and later declared bankruptcy, preventing Cunningham from obtaining legal relief on the debt. The trial court granted summary judgment in favor of Bathon because the action was barred by the statute of limitations and that ruling was affirmed on appeal to this court. *See Cunningham, v. Bathon,* No. 93–CV–453 (D.C. June 1, 1994) (memorandum order and judgment). Following our affirmance based on the expiration of the statute of limitations, the trial court granted Bathon's motion for sanctions against Cunningham and his attorney, Donald T. Cheatham, under Superior Court Civil Rule 11, for filing the complaint without a factual basis for believing that it was timely. After reviewing Bathon's submissions of his legal expenses and Cunningham's response to those submissions, the trial court ordered Cunningham and Cheatham, individually and

jointly, to reimburse Bathon a total of $46,-339.33.

In this appeal, Cunningham and Cheatham contend that the trial court's Rule 11 sanctions order is improper, and that even if this court were to affirm imposition of Rule 11 sanctions, the amount assessed is excessive. On cross-appeal, Bathon contends that the trial court erred in excluding from reimbursement certain legal expenses and reducing others. We find no abuse of discretion by the trial court in its imposition of Rule 11 sanctions. We do, however, conclude that the trial court abused its discretion in excluding, for the reasons it stated, fees for certain legal services from the total sanction amount. Therefore, we affirm in part, reverse in part, and remand for reconsideration of the sanctions amount in conformity with this opinion.

## I.

■ Rule 11(b) provides, in pertinent part, [b]y presenting to the court ... a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an *inquiry reasonable under the circumstances,* ... (2) the claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law ... [and] (3) *the allegations and other factual contentions have evidentiary support* or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery....

Super.Ct.Civ.R. 11(b)(2)–(3) (emphasis added). Rule 11 further states that attorneys and parties who violate the above provisions may be sanctioned by the trial court, and lists, *inter alia,* the following guidelines:

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.... [T]he sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Super.Ct.Civ.R. 11(c)(2). This court reviews for abuse of discretion both a trial court's determination that Rule 11 was violated and the amount of sanctions ordered. *See Williams v. Board of Trustees of Mt. Jezreel Baptist Church,* 589 A.2d 901, 910–11 (D.C.), *cert. denied,* 502 U.S. 865, 112 S.Ct. 190, 116 L.Ed.2d 151 (1991).[1]

## II.

■ "A court may impose sanctions under Rule 11 if a reasonable inquiry discloses that the pleading, motion, or paper is ... not well grounded in fact[,]" and this court must grant wide discretion to a trial court's determination that sanctions are warranted on this ground. *Sherman Treaters Ltd. v. Ahlbrandt,* 115 F.R.D. 519, 523 (D.D.C.1987).[2] In this case, this court has already reviewed the record and affirmed the trial court's determination that Cunningham's complaint and filings did not create a material issue of fact concerning the timeliness of the complaint under the applicable three-year statute of limitations.[3] Following that affirmance,

---

1. This court in *Williams, supra,* changed the standard of review for appeals of findings of Rule 11 violations from a combination of *de novo* and abuse of discretion to a uniform abuse of discretion standard to conform with the standard of review in effect in the District of Columbia Circuit Court following the Supreme Court decision in *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). *See Williams, supra,* 589 A.2d at 910 n. 12.

2. Federal cases considering Fed.R.Civ.P. 11 are persuasive authority for this court in interpreting the almost identical Super.Ct.Civ.R. 11. *See*

*Stansel v. American Sec. Bank,* 547 A.2d 990, 995 n. 8 (D.C.1988), *cert. denied,* 490 U.S. 1021, 109 S.Ct. 1746, 104 L.Ed.2d 183 (1989).

3. In its order granting Bathon's motion for summary judgment, the trial court stressed Cunningham's failure to present sufficient factual bases for any theory which might toll an otherwise expired statute of limitations. In affirming that ruling, this court concluded that

the trial court correctly noted the lack of evidence that Rochester was not financially capable of repaying the note [covering Dynergy's

the trial court explained in its order granting Bathon's motion for Rule 11 sanctions that,

> [w]hile this Court agrees that failure to prevail on summary judgment, by itself, cannot be equated with impropriety or frivolousness, here counsel should have appreciated a basis for bringing his causes of action shortly after the December 2, 1987 letter and certainly before December 2, 1990. Thus, the June 27, 1991 filing of the verified complaint in this case was clearly after the expiration of the applicable statute of limitations provisions. A lawyer with the plaintiff's experience should have fully appreciated this fact. *Cf. Healey v. Chelsea Resources, Ltd.,* 132 F.R.D. 346 (S.D.N.Y.1990). As in *Healey,* the plaintiff here was a sophisticated and knowledgeable investor, and in addition an experienced attorney. *Yet he could proffer no solid factual allegations of misrepresentations or concealment, or basis for reliance, which justified his delay* in filing his civil suit, after the expiration of the applicable statute of limitation periods as to the five (5) causes of action he asserted.
>
> The delay in filing suit here was *extraordinary.* Plaintiff advanced no plausible basis why he did not have sufficient facts available to him to have brought suit substantially earlier within the period of the applicable statute of limitations provisions.

*Cunningham v. Bathon,* No. 91–CA–8134, at 4–5 (D.C.Super.Ct. Nov. 15, 1994) (order imposing sanctions) (emphasis added).

As the trial court clearly recognized, there are different inquiries involved in determining whether Cunningham had presented a sufficient factual basis to survive a summary judgment motion and whether the facts at the time he filed his complaint were enough

to avoid imposition of Rule 11 sanctions. Although there may be some overlap in the record evidence (or lack of evidence) relied upon in deciding motions for summary judgment and Rule 11 motions in the context of statute of limitations, the two are distinct in nature and purpose. In the great majority of cases barred by the statute of limitations, where litigant and attorney have complied with their obligations under Rule 11(b), sanctions will not be appropriate even if the case is decided against the plaintiff on summary judgment.

■ The standard for granting summary judgment is whether there are no material facts in issue and the movant is entitled to judgment as a matter of law. *See, e.g., Osbourne v. Capital City Mortgage Corp.,* 667 A.2d 1321, 1324 (D.C.1995). The question at that stage when the issue is lapse of the statute of limitations, as here, is focused on the claimant in the factual context of the underlying transaction and asks whether the plaintiff's complaint was timely filed, measured from the date of actual or inquiry notice of the claim. *See Diamond v. Davis,* 680 A.2d 364, 372 (D.C.1996). In this case, the action would have been timely if notice had taken place up to three years before Cunningham filed his complaint. The trial court determined, however, and we agreed, that Cunningham was on notice of his claim more than three years before filing, and that there was no evidence that would support tolling of the limitations period. Thus, summary judgment was appropriate.

■ A different standard is applied in considering Rule 11 sanctions and is focused on a different point in time: whether an attorney or unrepresented party, in presenting a pleading, has made an "inquiry reasonable

---

debt to Cunningham] in 1987, or that Bathon knew of any financial difficulties [of Rochester] at that time.... Moreover, in light of the other portions of [Bathon's letter offering reimbursement by Rochester], the totality of undisputed preceding events .:. and the *absence of additional evidence,* we cannot say that the trial court erred in concluding that by the time of that letter, at the latest, the statute of limitations began to run on all of appellant's other claims.[1] The *record does not evidence* behavior which could warrant an application of the toll-

ing principles of estoppel or lulling to permit the filing of a complaint by this appellant as late as June 1991.

[1] It is undisputed that on none of the claims does the statute of limitations exceed three years. [Cunningham] presented *no factual basis and legal authority* to impose a continuing duty upon Bathon to inform appellant of subsequent developments [with Dynergy and other investors' efforts to recover their debts from the original investment].
*Cunningham, supra,* at 2 (citations omitted) (emphasis added).

under the circumstances ... [that] the allegations and other factual contentions have evidentiary support." Super.Ct.Civ.R. 11(b). Here, the focus of the Rule 11 inquiry is later in time, and views the *plaintiff's or counsel's factual basis as a litigant, at the time of filing the complaint and subsequent pleadings with the court.* Here, neither at the time of filing the complaint, nor, indeed, when he opposed the motion for summary judgment after the statute of limitations defense had been asserted, did Cunningham have *any* evidence that supported his claim of tolling that would have saved his claim from the statute of limitations defense.[4] On this record, whether Cunningham pressed this litigation in subjective good or bad faith is not determinative of the soundness of the trial court's imposition of sanctions. As the Second Circuit explained in *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 253–54 (2d Cir.1985),

> [n]o longer is it enough for an attorney to claim that he acted in good faith, or that he

personally was unaware of the groundless nature of an argument or claim. For the language of ... Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed. Simply put, subjective good faith no longer provides the safe harbor it once did.

> . . . .

> ... [S]anctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, *or where,* after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact. . . .

Therefore, the trial court did not abuse its discretion in imposing sanctions against Cunningham due to the absence of factual support for his argument that the statute of limitations had been tolled. *Cf. Brasport, S.A. v. Hoechst Celanese Corp.,* 134 F.R.D.

---

4. A somewhat different question would be posed in a situation where, even though a pre-filing investigation of the facts would reveal that the statute of limitations has clearly expired, the untimeliness of the complaint has not been asserted as a defense. The statute of limitations does not erect a jurisdictional bar, but is a defense that must be presented affirmatively in a responsive pleading, pursuant to Super.Ct.Civ.R. 8(c), and may be waived if not properly pleaded. *See Feldman v. Gogos,* 628 A.2d 103, 104 (D.C. 1993). Thus, it is possible that a complaint, even though stale when filed, could be successfully maintained if the defendant does not act quickly to assert a limitations defense. *See id.* at 105 ("If a defendant fails to assert the statute of limitations defense, the district court ordinarily should not raise it *sua sponte.*") (quoting *Davis v. Bryan,* 810 F.2d 42, 44 (2d Cir.1987)). In such a case, the plaintiff could argue that Rule 11 is not implicated by the mere filing of a complaint that could become the subject of a statute of limitations defense.

This argument has not been raised in this appeal and thus we do not decide it. Although we have been unable to locate any cases discussing that precise issue, we note that the language of Rule 11 imposes an obligation of inquiry on the signer of the pleading *before* presenting a pleading to the court, perhaps in anticipation of possible defenses. Super.Ct.Civ.R. 11(b) ("[B]y presenting to the court ... a pleading ... an attorney is certifying that to the best of the person's knowledge, information and belief, formed *after* an inquiry reasonable under the circumstances [that] ... the claims ... are warranted

by existing law or by a nonfrivolous argument for the extension ... of existing law") (emphasis added). *See Kleiman v. Aetna Cas. & Sur. Co.,* 581 A.2d 1263, 1266 (D.C.1990); *compare Harrison v. Luse,* 760 F.Supp. 1394, 1401 (D.Colo. 1991) (awarding attorneys' fees and costs as Rule 11 sanctions "from the date that Plaintiffs and their counsel realized or should have realized that there was no valid defamation claim until the date that the defamation claim was finally dismissed. The court concludes that reasonable inquiry into the statute of limitations ... should have occurred before the filing of [the complaint].... Plaintiffs and their counsel should have known there was no valid defamation claim before the filing of the first complaint."), *and McHenry v. Utah Valley Hosp.,* 724 F.Supp. 835, 838 (D.Utah 1989) ("The court concludes a reasonable inquiry into the law would have shown [plaintiff's] claim was time-barred and the statute of limitations is constitutionally sound."), *with Poag v. Humane Soc'y of Lawton,* 907 F.Supp. 1487, 1489 (W.D.Okla.1995) (noting that plaintiff not only failed to consult the statute of limitations before filing claim, but also did not withdraw the complaint or respond to the statute of limitations defense after untimeliness of the claims was pointed out), *and Merriman v. Security Ins. Co. of Hartford,* 100 F.3d 1187, 1193 (5th Cir.1996) (awarding Rule 11 sanctions after noting that law "has long been settled" as to the applicable limitations period and that all claims were barred "when [plaintiff] brought suit, as [defendant's] counsel pointed out several times before and after [plaintiff] filed the action").

45, 47 (S.D.N.Y.1991) (declining to impose Rule 11 sanctions where the plaintiff and his counsel presented some, albeit weak, factual bases for their claims, but could have reasonably believed that further discovery would provide further support).[5]

## III.

Once a trial court determines that a party has violated Rule 11, "sanctions of some sort [must] be imposed." *Sherman Treaters, supra,* 115 F.R.D. at 523 (quoting *Westmoreland v. CBS, Inc.,* 248 U.S.App. D.C. 255, 262, 770 F.2d 1168, 1174–75 (1985)).

> In imposing a monetary sanction, the trial court should expressly consider at least four factors, all of which serve to limit the amount assessed: (1) the reasonableness of the injured party's attorneys' fees, including that party's "duty to mitigate costs by not overstaffing, overresearching or overdiscovering clearly meritless claims," (2) the minimum amount that "will serve to adequately deter the undesirable behavior," (3) the offending party's ability to pay, bearing in mind that sanctions should not be so large as to bankrupt the offending party, drive that party from the practice of law, or otherwise cause the offending party great financial distress, and (4) "the offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved, and other factors as deemed appropriate in individual circumstances."

*Williams, supra,* 589 A.2d at 911–12 (citations omitted).

The trial court in this case considered each of these factors in a detailed order setting the amount of sanctions. As Rule 11(c)(2) expressly permits an award of sanctions equaling "some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation," we conclude that the trial court did not abuse its discretion in assessing $46,339.33 in sanctions against Cunningham and Cheatham to cover well-documented legal costs to Bathon.[6] *Cf. Williams, supra,* 589 A.2d at 912 (overturning a trial court's imposition of sanctions totaling ten percent of the defendant's legal fees against a *pro se* plaintiff where the amount "apparently was not based on careful consideration of appellees' costs and fees after a review of documented expenditures, hours of attorney time, reasonableness of rates charged, and necessity of the work performed").

Regarding Bathon's cross-appeal, we do not find an abuse of discretion in the trial court's decision to discount the fees of two of Bathon's attorneys, which the trial court considered "a little on the high side" or reflecting diminished productivity based on the number of hours billed in single days. It was within the trial court's discretion to consider "the reasonableness of the hours expended and the requested hourly rate," *Sher-*

---

5. At oral argument Cunningham directed the court's attention to his opposition to Bathon's motion for summary judgment for citations to material facts supporting his position. None of the citations in the opposition which were included in the record on appeal referenced facts which would support his theories for tolling of the statute of limitations. Furthermore, we have been unable to ascertain any such material facts in any of the depositions, affidavits or other exhibits in the record on appeal. To the extent that the depositions are only partially reproduced in the record, appellant suffers the consequences of the court's inability to consider those pages which are not before it. *See Cobb v. Standard Drug Co.,* 453 A.2d 110, 111 (D.C.1982) (holding that the appellant bears the burden of convincing this court that the trial court erred, and must meet that burden with "a record sufficient to show affirmatively that error occurred").

6. Under the circumstances of this case, where Cunningham not only filed an untimely complaint, but persisted, without justification, in pressing it even after its untimeliness had been raised, see note 4 *supra,* we do not disturb the trial court's assessment of attorneys' fees incurred in defending the case from its inception. Cunningham does not contend that, even if Rule 11 sanctions are appropriate, he should be assessed only for Bathon's attorneys' fees incurred after assertion of the statute of limitations defense. To the contrary, we note that in objecting to the request for fees, appellants' expert, Michael M. Hicks, Esq., expressly opined that "the Court should appropriately take into consideration only those fees and expenses incurred by defendant's counsel that were directly related to pleading and proving the affirmative defense of limitations."

*man Treaters, supra,* 115 F.R.D. at 526, and the court was permitted by Rule 11(c)(2) to direct Cunningham to pay "*some* or *all*" of Bathon's reasonable attorneys' fees and expenses.

 We conclude, however, that there was an abuse of discretion when, in the words of the trial judge, he

> disregarded that portion of the claim attributed to Russell P. Wilson since it appears that he was an associate and was not admitted to the Bar during the relevant period, and ... also disregarded the claims for the paralegals and the librarians on the theory that these claims should be considered a part of the overhead of the law firm operation included within the billable hours concept and amounts.

*Cunningham v. Bathon,* No. 91–CV–8134, at 7 (D.C.Super.Ct. Nov. 28, 1995) (order setting sanctions). Here, the trial court's reasons for excluding these legal services from the amount of sanctions assessed are not grounded in the reasonableness of the hours worked or the hourly fees charged, *see Sherman Treaters, supra,* 115 F.R.D. at 526, nor do they reflect a determination that Bathon's attorneys "overstaff[ed], overresearch[ed] or overdiscover[ed]," *see Williams, supra,* 589 A.2d at 912, but are based on subjective impressions of how a law firm should structure its billing procedures. Thus, the trial court must reconsider the documented legal fees to Bathon for an associate,[7] paralegals and librarians. Although it is an abuse of discretion to exclude the fees for the reasons stated by the trial court, the court nonetheless may conclude that all or part of those fees should not be awarded, but any such judgment must rest on valid reasons, applying the factors stated in *Williams, supra.* We therefore affirm in part, and reverse and

remand in part for reconsideration of Rule 11 sanctions in conformity with this opinion.

*So ordered.*

---

**7.** There is no indication in the record that the work of Russell P. Wilson on this case on behalf of Bathon violated the then-applicable rules of this court, specifically D.C.App.R. 49. *Cf. J.H. Marshall & Assocs., Inc. v. Burleson,* 313 A.2d 587, 592 (D.C.1973) (dismissing collection agency's suit to collect assigned debt, which was held to constitute unauthorized practice of law). Whether or not Wilson was a member of the Bar during the relevant period is not, standing alone, a sufficient basis for excluding fees for the hours he worked on this case from the sanctions amount under *Sherman Treaters, supra,* and *Williams, supra.* Neither was the fact that Wilson was an associate an acceptable basis for discounting his fees to zero, as we note that the trial court reduced, but did not exclude, the hourly fees charged by another associate, Daniel M. Hawke.